ADPHENAS V. HYSORE & SON *v.* ISAAC T. QUIGLEY.

*Landlord and Tenant—Damages—Exemplary Damages.*

The landlord is bound to protect the tenant in the proper use and enjoyment of demised premises; and if the landlord or his servants be guilty of negligence by which alone his tenant suffers injury or loss, the landlord is liable therefor in an action on the case, to the amount of the damages sustained. Damages should be limited to the actual loss sustained and to the immediate consequences of the injuries. No remote or speculative damages are recoverable.

Should the injury sustained by the tenant be the result of his own negligence or want of skill, he has no right of action against the landlord. The tenant must use all reasonable care necessary for the protection of his property.

If the defendant landlord wilfully and with malicious intent be guilty of such negligence as to result in damages to the property of the tenant, the tenant would be entitled to exemplary damages.

( *New Castle, November, 1892.* )

ACTION ON THE CASE brought by a tenant against a landlord to recover damages for injury to the tenant's property alleged to have been caused by the negligent and wrongful acts of the landlord or his servants.

The facts appear in the charge of the Court.

Heard before HOUSTON and CULLEN, J. J.

*Levi C. Bird* and *A. E. Sanborn,* for plaintiff.

*Anthony Higgins* and *Philip Q. Churchman,* for defendant.

CULLEN, J., charging the jury :

*Gentleman of the Jury :* This is an action on the case brought by the plaintiffs, Hysore & Son, against Isaac T. Quigley, to recover damages which they contend have been caused on the part of the defendant, by reason of wrongful act done by said defendant

while they the said plaintiffs as tenants were in possession of certain premises owned by the defendant.

From the facts as proved in this case it appears that a certain chamber or room situated on the first floor in the building occupied by the defendant as a morocco factory in this city, was on or about the 16th of February, 1890, leased to the said plaintiffs, by the said defendant, to continue until the 25th of March, 1891, at the sum of $50 per month, which room was used and occupied by said plaintiffs in carrying on their business as millwrights.

It is contended by the plaintiffs that while so carrying on their business as millwrights, they used in the prosecution thereof several machines largely made of wood, erected and placed in the room so rented by them, and that while so engaged, from the latter part of October, 1890, up to the 25th of March, 1891, the machines made in part of wood, described as a glass-grinder, lathe, &c., were ruined or so greatly damaged by the dripping or running of water from wet hair which had been deposited by the defendant in the third story directly over the room occupied by said plaintiffs, that the same were rendered unfit for work, and damaged or rendered useless to such an extent that the plaintiffs lost not only the benefit of such machines, but also the immediate profits and benefits arising from their business; that the said defendant did willfully and maliciously, and purposely, intending to injure plaintiffs, cause said wet hair to be drawn up from the cellar and placed in the said room in the third story, directly over the said demised premises, in such a manner as to cause the greatest injury and loss to said plaintiffs; that the machinery and tools of plaintiffs not only were injured, but their business was virtually broken up, and they suffered great damage and loss, by reason of the conduct of the defendant during the period aforesaid.

It is contended on the part of the defendant that the loss which occurred to the plaintiffs was not occasioned by any acts on his part, but resulted from the negligence, carelessness or want of skill on the part of the plaintiffs, in the construction of an elevator to carry up

the wet hair from the cellar to the third story, and which the plaintiffs had agreed to construct for the defendant and plaintiffs promised would answer the purpose, and if not, defendant was to pay nothing for said machine, and the same was to be removed at plaintiffs' expense; that by reason of the use of said machine, so as aforesaid constructed, all the injury occurred to the plaintiffs: that the loss and injury sustained by the plaintiffs occured from their own acts and negligence, and not from the fault, or contrivance on the part of the defendant.

Having thus stated the grounds of complaint on the part of the plaintiffs, and the defence set up, on the part of the defendant, the court will now proceed to explain the law from which, by applying the evidence offered in this case, you are to make up your verdict. The questions you are to decide are but few,—narrowed down to a small limit: Was there a lease of the premises? If so, did the plaintiffs enter under said lease, and while in the occupancy thereof were they injured in their property or business by the negligence of the defendant, and was such willful and intentional? Or did the injury occur by reason of the negligence for which the plaintiffs were liable?

If premises be demised for certain purposes, by a landlord to a tenant, the landlord is bound to protect the tenant in the proper use and enjoyment thereof, and if the landlord or his servants be guilty of negligence by which his tenant suffers injury or loss, not occasioned by the fault of the tenant, the landlord is liable therefor in an action on the case, to the amount of the damages sustained.

Should the injury sustained by the tenant be the result of his own negligence or want of skill, then he has no right of action against the landlord, for he has contributed to his own loss; and it is also the duty of the tenant in the protection of his property to use all reasonable care necessary for the protection thereof.

In an action on the case to recover consequential damages, such as this, if the damages proceed not only from the negligence

of the defendant, but it appears from the evidence that the defendant willfully, and with malicious intent was guilty of such negligence, then the plaintiffs are entitled to recover not only damages for the negligence of the defendant, but also damages such as the jury see proper to estimate as exemplary, to punish the evil intent and motive that actuated the negligence.

Having stated to you, gentlemen, the principles of law which govern this case, it becomes your duty to apply the evidence that you have heard on both sides, and thus arrive at a verdict such as you deem right and proper. Should you, from the evidence, believe that the plaintiffs as tenants of the defendant, while in the occupancy of said premises, were injured by the dripping or running down of water from the wet hair from the third story on their machines, damaging the same and causing an injury to their business, through and by the negligence of the defendant,—you should render a verdict for the plaintiffs for such sum as would compensate, in your judgment, the plaintiffs in this case. Should you be satisfied from the evidence that the defendant caused the injury and loss to the plaintiffs " willfully and designedly, you will be justified in awarding vindictive damages to any amount which, in the exercise of sound judgment and discretion, you deem proper, by way of public example." 4 Harrington's Reports, 233 ; *Steamboat Co. v. Whilldin*,—which damages so given will be in addition to the damages you may find for the actual loss sustained by the plaintiffs by reason of the destruction of, and injury to machinery.

But should you be satisfied from the evidence that the loss and injury were occasioned by the plaintiffs through their own negligence, that the same originated by reason of the failure of a machine made by the plaintiffs to carry up the wet hair into the third story to the drier, which you are satisfied from the evidence was guaranteed and failed to work, and thereby the injury ensued, and if you are satisfied that no wet hair was placed by defendant on the floor over the room occupied by plaintiffs ; that by reason of said machine and drier so as aforesaid constituted, all the injury occurred

to the plaintiffs ; that the loss and injury sustained by the plaintiffs occurred from their own acts of negligence, and not from the fault or contrivance on the part of the defendant,—your verdict should be in favor of the defendant.

In relation to damages, relative to which we have been asked to charge you, in case your verdict should be for the plaintiffs, we would say that the plaintiffs are entitled to recover the actual losses sustained as proved by the evidence, and must be limited to the immediate consequences resulting from the injuries , no remote or speculative damages are recoverable. The actual value of the machinery lost or destroyed as proved by the evidence is the estimate by which you are to fix the damages on such machinery. 19 Atlantic Reported, 509, *Anderson et al. v. Mayor*, etc. That case was an action for damages against the City of Wilmington and was somewhat similar to this one. There the Chief Justice says in his charge to the jury :

" Should you find for the plaintiffs, they are entitled to recover for such damage as you believe they sustained as the natural and probable consequences of the flooding, according to their proof, whatever they may be, taking all the items of damage alleged into consideration, and adopting such of them as you think right; but with respect to any damage that is alleged to have occurred afterwards, you should not allow for any of that, if it could have been avoided by the plaintiffs. They could not enhance the defendant's liability by putting their goods where they knew they would be injured, or had reason so to believe; but for inability to use their cellar, which I believe is one of their items, they may recover, if claim is made on that account."

We have stated our view of the law as regards the right to recover, in an action on the case, exemplary or punitive damages, we consider the law on this subject has long since been well settled, not only in the English courts, but also in this country, and decisions are found in our own reports. The case cited in 5 Houston, 604, in no way changes the decisions on this subject.

Gentlemen, the court have given you the law, the testimony we have not discussed or alluded to, only so far as to say you are to apply it to the law in the case.   A jury of your intelligence we are sure will well and carefully weigh all the testimony, and render such verdict as you think proper.   The matter of damages is wholly in your discretion, and in fixing the same you should exercise a just and reasonable discretion.

Verdict for the plaintiff for $5,250.